

# Service of Process Transmittal
01/22/2014
CT Log Number 524256732

TO: Kim Lundy Service of Process
Wal-Mart Stores, Inc.
702 SW 8th Street, MS 0215
Bentonville, AR 72716-0215

RE: **Process Served in Iowa**

FOR: Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kelleher Kathy, Pltf. vs. Wal-Mart Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Original Notice, First Amended and Substituted Petition and Demand, Release, Notice |
| **COURT/AGENCY:** | Dubuque County District Court, IA<br>Case # 01311LACV058189 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - First Amended and Substituted Petition at Law and Demand for Jury Trial |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Des Moines, IA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/22/2014 at 09:55 |
| **JURISDICTION SERVED:** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Danita L. Grant<br>Fuerste, Carew, Juergens & Sudmeier, P.C.<br>200 Security Building<br>151 West 8th Street<br>Dubuque, IA 52001<br>563.556.4011 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/22/2014, Expected Purge Date: 01/27/2014<br>Image SOP<br>Email Notification, Candiss Golaszweski-CT West CLS-Verificationwest@WoltersKluwer.com<br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 500 East Court Avenue<br>Des Moines, IA 50309 |
| **TELEPHONE:** | 800-592-9023 |



EXHIBIT A

Page 1 of 2 / DJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Service of Process Transmittal**
01/22/2014
CT Log Number 524256732

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process<br>Wal-Mart Stores, Inc.<br>702 SW 8th Street, MS 0215<br>Bentonville, AR 72716-0215 |
| **RE:** | **Process Served in Iowa** |
| **FOR:** | Wal-Mart Stores, Inc. (Domestic State: DE) |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Original Notice, Petition and Demand for Jury Trial, Attachment | By Process Server on 01/09/2014 at 08:55 | Kim Lundy Service of Process Wal-Mart Stores, Inc. | 524181778 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case 2:14-cv-01002-JSS   Document 1-1   Filed 02/07/14   Page 2 of 14

## IN THE IOWA DISTRICT COURT FOR DUBUQUE COUNTY

| | |
|---|---|
| KATHY KELLEHER, | |
| Plaintiff, | |
| vs. | No. 01311 LACV058189 |
| WAL-MART STORES, INC., | **ORIGINAL NOTICE** |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT(S):  WAL-MART STORES, INC.
c/o CT Corporation
2222 Grand Avenue
Des Moines, Iowa 50312

YOU ARE NOTIFIED that an Amended and Substituted Petition was filed on the 16th day of January, 2014, in the office of the Clerk of this Court naming you as the Defendant in this action. A copy of the **First Amended and Substituted Petition at Law and Demand for Jury Trial** is attached to this Notice. The attorney for the Plaintiff is **Danita L. Grant,** Fuerste, Carew, Juergens & Sudmeier, P.C., whose address is 200 Security Building, 151 West 8th Street, Dubuque, Iowa 52001, and whose phone number is (563) 556-4011; facsimile number (563) 556-7134.

You must serve a Motion or Answer within twenty (20) days after service of this original notice upon you and within a reasonable time thereafter file your motion or answer with the Clerk of Court for **Dubuque** County, at the county courthouse in **Dubuque,** Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disabilities coordinator at (319) 833-3332. Persons who are hearing or speech impaired may call Relay Iowa TTY at 1-800-735-2942. **Disability coordinators cannot provide legal advice.**

(SEAL)

_____
CLERK OF COURT

Dubuque County Courthouse
Dubuque, Iowa

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

IN THE IOWA DISTRICT COURT
DUBUQUE COUNTY

KATHY KELLEHER,

Plaintiff,

vs.

NO. 01311 LACV058189

WAL-MART STORES, INC.,

Defendant.

## FIRST AMENDED AND SUBSTITUTED PETITION AT LAW AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KATHY KELLEHER, and for her cause of action against the Defendant states as follows:

### COMMON ALLEGATIONS

1. Plaintiff is, and all material times herein has been, a resident of Dubuque, Dubuque County, Iowa.

2. Defendant Wal-Mart Stores, Inc., is a corporation organized under the laws of the state of Delaware, with its principal place of business in Bentonville, Arkansas, and is authorized to conduct and is conducting business in Iowa as a foreign corporation.

3. At all times material hereto, Defendant has regularly employed more than 500 individuals, and has regularly employed employees in the State of Iowa.

4. Plaintiff has been employed by Defendant since September 12, 1995, and remains employed by Defendant.

5. Plaintiff was first hired by Defendant as a truck unloader and worked in that position until some time in 1997, at which time she changed positions and began working as a stocker for Defendant.

6. In 1997, after starting her job as a stocker, Plaintiff was diagnosed with Multiple Sclerosis (MS).

7. Plaintiff's health condition rendered her and continues to render her disabled within the meaning of the Iowa Civil Rights Act of 1965, the Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act of 2008, as amended.

8. At the time of her diagnosis, Plaintiff informed Defendant of her condition and physical disabilities and requested certain accommodations to perform her job duties as a stocker.

9. Despite said disability, Plaintiff was qualified and able to perform the duties and functions of her employment as a stocker with reasonable accommodation.

10. Defendant accommodated Plaintiff's physical disability and Plaintiff continued to work her job as a stocker with Defendant until some time in 2011, when Defendant denied Plaintiff's long-standing accommodations, refused to continue to accommodate Plaintiff in the same fashion it had for the past fourteen (14) years, and changed Plaintiff's position and job duties.

## COUNT I - DISABILITY DISCRIMINATION

11. Plaintiff Kathy Kelleher, alleges and incorporates paragraphs 1-10 of the Common Allegations of this Petition, as if restated verbatim herein.

12. The change in Plaintiff's position and job duties by Defendant constitutes unlawful discrimination on the basis of disability in violation of the Iowa Civil Rights Act of 1965, the Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act of 2008, as amended.

13. Said discriminatory practice occurred within Dubuque, Dubuque County, Iowa.

14. As a proximate cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, and emotional distress, in an amount in excess of the jurisdictional limit of the Iowa Associate District Court.

15. Plaintiff has exhausted all administrative remedies. Plaintiff filed complaints with the Iowa Civil Rights Commission and EEOC within 300 days of said discrimination. On September 18, 2013, Administrative Law Judge, Emily Gould Chafa, issued a Probable Cause Order out of Plaintiff's Iowa Civil Rights Commission Complaint, finding probable cause to support Plaintiff's allegations of discrimination based on disability and failure to continue to accommodate Plaintiff's disability. Upon receipt of the probable cause finding, Plaintiff requested a right to sue from the Iowa

3

Civil Rights Commission and the EEOC. The Iowa Civil Rights Commission issued a Letter of Right-to-Sue on October 3, 2013, a true copy of which is attached hereto as Exhibit A. The EEOC issued a Notice of Right to Sue on January 13, 2014, a true copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Kathy Kelleher, respectfully requests this Court enter judgment against Defendant Wal-Mart Stores, Inc., for compensatory damages in a sum sufficient to compensate Plaintiff for her injuries and loss, emotional distress, reasonable attorneys' fees and expenses, the cost of this litigation, interest as provided by law, and any other relief the Court deems just and proper.

## COUNT II - FAILURE TO CONTINUE TO ACCOMMODATE

16. Plaintiff Kathy Kelleher, alleges and incorporates paragraphs 1-10 of the Common Allegations of this Petition, as if restated verbatim herein.

17. Defendant's denial of Plaintiff's long-standing accommodations and refusal to continue to accommodate Plaintiff's disability constitutes unlawful discrimination in violation of the Iowa Civil Rights Act of 1965, the Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act of 2008, as amended.

18. Said discriminatory practice occurred within Dubuque, Dubuque County, Iowa.

19. As a proximate cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical

4

expenses, and emotional distress, in an amount in excess of the jurisdictional limit of the Iowa Associate District Court.

20. Plaintiff has exhausted all administrative remedies. Plaintiff filed complaints with the Iowa Civil Rights Commission and EEOC within 300 days of said discrimination. On September 18, 2013, Administrative Law Judge, Emily Gould Chafa, issued a Probable Cause Order out of Plaintiff's Iowa Civil Rights Commission Complaint, finding probable cause to support Plaintiff's allegations of discrimination based on disability and failure to continue to accommodate Plaintiff's disability. Upon receipt of the probable cause finding, Plaintiff requested a right to sue from the Iowa Civil Rights Commission and the EEOC. The Iowa Civil Rights Commission issued a Letter of Right-to-Sue on October 3, 2013, a true copy of which is attached hereto as Exhibit A. The EEOC issued a Notice of Right to Sue on January 13, 2014, a true copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Kathy Kelleher, respectfully requests this Court enter judgment against Defendant Wal-Mart Stores, Inc., for compensatory damages in a sum sufficient to compensate Plaintiff for her injuries and loss, emotional distress, reasonable attorneys' fees and expenses, the cost of this litigation, interest as provided by law, and any other relief the Court deems just and proper.

## COUNT III - HARASSMENT

21. Plaintiff Kathy Kelleher, alleges and incorporates paragraphs 1-10 of the Common Allegations of this Petition, as if restated verbatim herein.

5

22. Plaintiff has repeatedly and consistently been harassed, ostracized and chastised by her supervisors and members of Defendant's Dubuque store management team regarding her disability and need for accommodation.

23. The conduct of Defendant's supervisors and management personnel is in violation of the Iowa Civil Rights Act of 1965, the Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act of 2008, as amended.

24. As a proximate cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, and emotional distress, in an amount in excess of the jurisdictional limit of the Iowa Associate District Court.

25. Plaintiff has exhausted all administrative remedies. Plaintiff filed complaints with the Iowa Civil Rights Commission and EEOC within 300 days of said harassment. On September 18, 2013, Administrative Law Judge, Emily Gould Chafa, issued a Probable Cause Order administratively closing Plaintiff's claims of harassment. Upon receipt of the order, Plaintiff requested a right to sue from the Iowa Civil Rights Commission and the EEOC. The Iowa Civil Rights Commission issued a Letter of Right-to-Sue on October 3, 2013, a true copy of which is attached hereto as Exhibit A. The EEOC issued a Notice of Right to Sue on January 13, 2014, a true copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Kathy Kelleher, respectfully requests this Court enter judgment against Defendant Wal-Mart Stores, Inc., for compensatory damages in a sum

sufficient to compensate Plaintiff for her injuries and loss, emotional distress, reasonable attorneys' fees and expenses, the cost of this litigation, interest as provided by law, and any other relief the Court deems just and proper.

## COUNT IV - RETALIATION

26. Plaintiff Kathy Kelleher, alleges and incorporates paragraphs 1-10 of the Common Allegations of this Petition, as if restated verbatim herein.

27. After seeking continued accommodations for her disability, contesting Defendant's refusal to continue to accommodate her disability, and pursuing her rights under the Iowa Civil Rights Act of 1965, the Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act of 2008, as amended, Plaintiff has received poor performance reviews (which have negatively affected her rate of pay) has been given undesirable work assignments, has been harassed and chastised about her disability by Defendant's management, and has had her job duties and responsibilities changed.

28. The conduct of Defendant is in violation of the Iowa Civil Rights Act of 1965, the Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act of 2008, as amended.

29. As a proximate cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, and emotional distress, in an amount in excess of the jurisdictional limit of the Iowa Associate District Court.

30. Plaintiff has exhausted all administrative remedies. Plaintiff filed complaints with the Iowa Civil Rights Commission and EEOC within 300 days of said retaliation. On September 18, 2013, Administrative Law Judge, Emily Gould Chafa, issued a Probable Cause Order administratively closing Plaintiff's claims of retaliation. Upon receipt of the order, Plaintiff requested a right to sue from the Iowa Civil Rights Commission and the EEOC. The Iowa Civil Rights Commission issued a Letter of Right-to-Sue on October 3, 2013, a true copy of which is attached hereto as Exhibit A. The EEOC issued a Notice of Right to Sue on January 13, 2014, a true copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Kathy Kelleher, respectfully requests this Court enter judgment against Defendant Wal-Mart Stores, Inc., for compensatory damages in a sum sufficient to compensate Plaintiff for her injuries and loss, emotional distress, reasonable attorneys' fees and expenses, the cost of this litigation, interest as provided by law, and any other relief the Court deems just and proper.

## COUNT V - PUNITIVE DAMAGES

31. Plaintiff Kathy Kelleher, alleges and incorporates paragraphs 1-30 of this Petition, as if restated verbatim herein.

32. Defendant acted intentionally, willfully, and maliciously by changing Plaintiff's position and job duties and failing to continue to accommodate Plaintiff's disability, in wanton disregard of Plaintiff's rights, under circumstances and in such a

8

wrongful state of mind as to require an award of punitive damages against Defendant and in favor of Plaintiff in that amount which will deter Defendant and others from such conduct in the future.

WHEREFORE, Plaintiff Kathy Kelleher, prays for judgment against Defendant Wal-Mart Stores, Inc., for punitive damages in that amount which will deter Defendant and others from such conduct and damage in the future, together with interest as allowed by law and the costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff Kathy Kelleher demands trial by jury of all issues herein properly so triable.

FUERSTE, CAREW,
JUERGENS & SUDMEIER, P.C.

By _____
Danita L. Grant, AT0002949

By _____
Jason D. Lehman, AT0009359
200 Security Building
151 West 8th Street
Dubuque, Iowa 52001-6810
Phone: (563) 556-4011
Fax: (563) 556-7134
E-mail: dgrant@fuerstelaw.com
           jlehman@fuerstelaw.com

Attorneys for PLAINTIFF.

9

# Administrative Release
## (Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| MS. KATHY KELLEHER | ) | |
| 2310 WHITE ST | ) | Iowa Civil Rights Commission |
| DUBUQUE, IA 52001 | ) | Grimes State Office Building |
|  | ) | 400 E. 14th Street |
|  | ) | Des Moines, Iowa 50319 |

Complaint CP# 04-12-62359     EEOC# 26A-2012-00594C     Local# 4377

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in district court. That action must be commenced within ninety (90) days of the issue date **10/3/2013**.
*The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Annette Flaherty at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    DANITA GRANT, Complainant's Attorney
    MICHELLE REID, Respondent's Attorney
    LEAH GIDRON, Respondent's Attorney
    WALMART
    WALMART
    ROBERT HARDING, STORE MANAGER
    TOBY ( LAST NAME UNKNOWN), ASST MANAGER
    OLLIE (LAST NAME UKNOWN),ASST MANAGER
    KELLY (LAST NAME UNKNOWN),C0-MANAGER
    SCOTT (LAST NAME UNKNOWN) CO-MANAGER
ICRC/S36 (24)

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kathy Kelleher<br>2310 White St.<br>Dubuque, IA 52001 | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2012-00594 | Ora M. Holland,<br>State & Local Coordinator | (312) 869-8078 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

JAN 1 3 2014
(Date Mailed)

Enclosures(s)

WALMART
Attn: Human Resource Manager
4200 Dodge St.
Dubuque, IA 52003

Littler Mendelson, PC
Attn: Scott Forman
333 Avenue of the Americas, Suite 2700
Miami, Fl 33131

Fuerste, Carew, JUERGENS SUDMEIER PC
Attn: Danita Grant
151 West 8th Street, #200
Dubuque, IA 52001

EXHIBIT "B"